Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| MARIA BERRIOS HERNÁNDEZ Peticionaria<br><br>v.<br><br>JUAN NÚÑEZ NIEVES Recurrido | TA2025CE00759 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: KDI2015-0262<br><br>Sobre: Divorcio (R.I.) |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

**Ortiz Flores, Juez Ponente**

## RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de diciembre de 2025.

Comparece ante nosotros Maria I. Berrios Hernández (Sra. Berrios Hernández; peticionaria) mediante el presente recurso de *Certiorari* y nos solicita que revisemos la *Orden* emitida el 14 de octubre de 2025, notificada al día siguiente, por el Honorable Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante esta, se denegó la *Moción Informativa sobre Relevo de Resolución* presentada el 9 de octubre de 2025 por la peticionaria.

Adelantamos que, por los fundamentos que exponemos a continuación, denegamos expedir el recurso de *Certiorari*.

**I**

El 27 de febrero de 2025 la Sra. Berrios Hernández presentó una *Urgentísima Moción Informativa y en Solicitud Urgente de Orden*.[1] Mediante esta, alegó que el TPI declaró que no existían los elementos de la Ley para Prevención del Maltrato, Preservación de la Unidad Familiar y para la Seguridad, Bienestar y Protección de los Menores, Ley Núm. 57 de

---

[1] SUMAC, Entrada 4 en KDI-2015-0262.

11 de mayo de 2023, según enmendada, 8 LPRA sec. 1641 *et seq.* (Ley Núm. 57-2023). En consecuencia, adujo que se cerró y archivó el caso en su contra. Ante ello, sostuvo que el TPI ordenó al Departamento de la Familia ofrecer unos servicios para ayudar a la familia, así como coordinar el recogido de Allan, hijo menor de la Sra. Berrios Hernández y el Sr. Juan Núñez Nieves (Sr. Núñez Nieves; recurrido), para que sea entregado a la madre. Indicó que el recogido era solo del hijo menor ya que se allanó a que el padre se quedara con la custodia del hijo mayor de estos, Giovanni. Solicitó que el TPI emitiera de forma urgentísima una orden para que el Sr. Núñez Nieves entregara al hijo menor, toda vez que ostenta la custodia del hijo menor. Explicó que tenía la sospecha fundada de que el Sr. Núñez Nieves no iba a cumplir con lo acordado y que, en ausencia de una orden o decreto judicial, retendría al menor. En virtud de lo anterior, solicitó que se le ordenara al Sr. Núñez Nieves a entregar al menor el 2 de marzo de 2025 a las 5pm en el Walgreens de Los Paseos a la trabajadora social del Departamento de la Familia para que posteriormente le fuera entregado.

En respuesta, el 28 de febrero de 2025, el Sr. Núñez Nieves presentó una *Réplica a la Nueva "Urgentísima Moción Informativa y en Solicitud Urgente de Orden" Radicada por la Parte Demandante.*[2] En esencia, alegó que, como parte del trámite de una solicitud de orden de protección al amparo de la Ley Núm. 57-2023, el TPI ordenó al Departamento de la Familia realizar un estudio social. Indicó que dicho estudio validó el maltrato de la peticionaria hacia sus dos hijos menores de edad. Adujo que, en el informe del estudio realizado por el Departamento de la Familia, se hizo referencia a un video y varias grabaciones de la peticionaria, tomados por sus hijos. No obstante, indicó que el video y las grabaciones no fueron vistos ni escuchados por el TPI y que dicho foro se circunscribió a solo escuchar el testimonio de la trabajadora social del Departamento de la Familia. Por otro lado, resaltó que los menores le pidieron que los protegiera de los actos de su madre. Además, aclaró que

---

[2] SUMAC, Entrada 5 en KDI-2015-0262.

las recomendaciones, en cuanto a evaluaciones psicológicas, talleres y tratamientos, contenidas en el informe del Departamento de la Familia, fueron dirigidas a la Sra. Berrios Hernández solamente y no a la familia completa. En consecuencia, solicitó que se celebrara una vista para que el TPI tuviera la oportunidad de ver los videos y grabaciones y aquilatara la conducta de la Sra. Berrios Hernández hacia sus hijos.

Posteriormente, el 5 de marzo de 2025, la peticionaria presentó una *Urgentísima Moción en Oposición a Petitorio del Demandado y Solicitud de Remedios.*[3] En esencia, alegó que el recurrido solicitó una vista para relitigar la solicitud de una orden de protección que ya fue atendida y adjudicada. Por otro lado, indicó que el informe no validó el maltrato alegado y que, por otras razones, el Departamento de la Familia recomendó la custodia del hijo mayor al padre y la del hijo menor a la madre. Además, alegó que, no fue hasta que le aumentaron la pensión alimentaria, que surgió el interés del recurrido de ostentar la custodia de ambos hijos. Solicitó que se declarara No Ha Lugar a la solicitud de vista del recurrido y se emitiera resolución para acoger las recomendaciones de custodia hechas por el Departamento de la Familia.

El 25 de marzo de 2025, el recurrido presentó una *Moción Informativa en torno a custodia monoparental del joven G.A.N.B y en solicitud de que se decrétela custodia compartida del hijo menor de las partes A.D.N.B.*[4] Mediante esta, alegó que, en el año 2021, solicitó la custodia monoparental permanente de su hijo mayor, a quien tenía bajo su custodia desde abril de 2020. Asimismo, informó que también solicitó la custodia compartida del hijo menor, con quien se relacionaba en los fines de semana. Explicó que, durante una de las visitas, los menores le informaron que estaban siendo maltratados por su madre. Señaló que los menores grabaron con sus celulares varios de los incidentes. Alegó que, ante tales circunstancias, en octubre de 2024, acudió ante el TPI para

---

[3] SUMAC, Entrada 6 en KDI-2015-0262.
[4] SUMAC, Entrada 7 en KDI-2015-0262.

solicitar una orden de protección al amparo de la Ley Núm. 57-2023 a favor de sus dos (2) hijos. Indicó que, a partir de octubre de 2024, ostenta la custodia monoparental del hijo mayor. Indicó que su hijo mayor no desea relacionarse con su madre debido a la conducta maltratante de esta hacia él. Por otra parte, adujo que mantiene una relación excelente con su hijo menor por lo que no existe impedimento alguno para que se decrete la custodia compartida. Asimismo, señaló que mantuvo la custodia provisional de dicho menor desde octubre de 2024 hasta febrero de 2025 en virtud de la orden bajo la Ley Núm. 57-2023. En consecuencia, solicitó que se tomara conocimiento sobre el hecho de que ostenta la custodia del hijo mayor desde octubre de 2024. Asimismo, solicitó que se decretara la custodia compartida del hijo menor.

En lo pertinente a la pensión alimentaria, el 26 de marzo de 2025, la peticionaria presentó una *Urgentísima Moción en Solicitud de Remedios sobre Tramite ante la EPA para Armonizar Tramites Procesales*.[5] Mediante esta, alegó que cada uno de los padres tiene la custodia física de un menor, según fue recomendado por la trabajadora social del Departamento de la Familia en su informe. Adujo que los procedimientos ante la EPA para establecer la pensión alimentaria habían iniciado con un *estatus quo* de custodia distinto al actual y cuando no se había establecido finalmente la custodia. Ante ello, solicitó que se dejara sin efecto cualquier proceso ante la EPA hasta que el TPI emitiera una resolución sobre custodia. Asimismo, solicitó que se estableciera, mediante enmienda a la resolución de alimentos, una resolución provisional que determinara que cada progenitor cubriría las necesidades del hijo que tiene bajo su custodia hasta que el TPI determinara la custodia final.

Por otro lado, en esa misma fecha, notificada el 1 de abril de 2025, el TPI emitió una *Resolución*.[6] Mediante esta, acogió el informe que contiene las recomendaciones sometidas por la Examinadora de

---

[5] SUMAC, Entrada 8 en KDI-2015-0262.
[6] SUMAC, Entrada 9 en KDI-2015-0262.

Pensiones Alimenticias. Asimismo, estableció, como pensión alimenticia provisional, que cada una de las partes pagará todos los gastos del menor que tiene bajo su custodia de forma provisional hasta que el TPI determinara otra cosa.

Posteriormente, el 9 de abril de 2025, el recurrido presentó una *Urgente Moción en Solicitud de Relaciones Paternofiliales y en Reiterada Solicitud de Custodia Compartida sobre el Hijo Menor de las Partes A.D.N.B.*[7] En esencia, adujo que tuvo la custodia de ambos hijos desde el mes de octubre de 2024 hasta el 26 de febrero de 2025, luego de que ambos menores reclamaran que eran objeto de maltrato por parte de su madre. Indicó que, desde que el hijo menor volvió a vivir con su madre, el 2 de marzo de 2025, no ha podido relacionarse con este ni un solo fin de semana. Indicó que no existe razón por la cual el hijo menor no pueda compartir con él y su hermano mayor los fines de semanas alternos y tiempo adicional durante la semana. Adujo que la Sra. Berrios Hernández ha impedido que el hijo menor se relacione con él sin justificación alguna. Expresó que tiene derecho y desea relacionarse con su hijo menor. En consecuencia, solicitó que se fijara de manera inmediata relaciones paternofiliales y que se le permitiera compartir con el menor un día a la semana.

Subsiguientemente, se celebró una vista el 10 de abril de 2025. Según surge de la *Minuta*, se les ordenó a las partes que sometieran un proyecto en común acuerdo sobre las relaciones filiales.[8] Posteriormente, el 3 de junio de 2025 se celebró una vista de seguimiento en la cual el TPI reiteró dicha orden.[9] En cumplimiento con lo ordenado, el 17 de julio de 2025, la peticionaria, por conducto de su representante legal, presentó una

---

[7] SUMAC, Entrada 10 en KDI-2015-0262.
[8] SUMAC, Entrada 13 en KDI-2015-0262.
[9] SUMAC, Entrada 14 en KDI-2015-0262.

*Moción en Cumplimiento de Orden* mediante la cual se desprende que acompañó dicha moción con un proyecto de resolución revisado por la peticionaria, el cual daba finalidad a las controversias sobre custodia y relaciones filiales entre las partes.[10] Ante ello, solicitó que se declarara Ha Lugar la solicitud de las partes según consignada en la pasada vista y se emitiera resolución a esos efectos.

Acto seguido, el 21 de julio de 2025, notificada el 23 del mismo mes y año, el TPI emitió una *Resolución*.[11] Mediante esta, estableció que la custodia monoparental del hijo mayor sería a favor del padre. Asimismo, estableció que, debido a la condición física y emocional del hijo mayor, las partes acordaron que las relaciones maternofiliales entre este y la madre se llevarían a cabo a través de los profesionales de la salud que atienden al hijo mayor. Por otra parte, dispuso que ambas partes habían acordado que la custodia del menor sería compartida. Ante ello, estableció que el hijo menor se relacionaría con su padre, en fines de semanas alternos, de viernes a lunes, así como en periodos adicionales que el menor desee permanecer más tiempo. Además, se determinó que, durante el verano y por acuerdo, el menor podrá estar un término de dos (2) semanas con el otro progenitor durante cada mes. En lo pertinente a los alimentos de los menores, dispuso que dicho asunto ya se había atendido mediante la *Resolución* emitida el 26 de marzo de 2025, notificada el 1 de abril de 2025.

Luego, el 21 de agosto de 2025, la peticionaria acudió ante esta Curia, mediante un recurso de *certiorari* en el alfanumérico TA2025CE00343.[12] En este, alegó que su representación legal, la Licenciada Brenda Berrios Morales (Lcda. Berrios Morales), presentó ante el TPI el referido acuerdo sobre custodia compartida sin previamente consultarlo. Arguyó que el acuerdo de custodia compartida era improcedente y no representaba una expresión válida de su voluntad. En consecuencia, solicitó que se dejara sin efecto la *Resolución* emitida el 21

---

[10] SUMAC, Entrada 15 en KDI-2015-0262.
[11] SUMAC, Entrada 16 en KDI-2015-0262.
[12] SUMAC, Entrada 17 en KDI-2015-0262.

de julio de 2025, notificada el 23 del mismo mes y año. Sobre este recurso, el 26 de agosto de 2025, notificada el 28 del mismo mes y año, emitimos una *Sentencia* mediante la cual, denegamos el auto de *certiorari*.[13]

Así las cosas, el 9 de octubre de 2025, la peticionaria interpuso una *Moción Informativa Sobre Relevo de Resolución*.[14] En esencia, explicó que su hijo menor le mencionó que su padre le había informado que la custodia de este iba a ser compartida. Alegó que se comunicó con la Lcda. Berrios Morales mediante correo electrónico, toda vez que desconocía que se estaba considerando o discutiendo un acuerdo de custodia compartida. Alegó que la Lcda. Lozada Ramírez sometió un proyecto de resolución sin contar con su firma ni declaración jurada. Expresó que la *Resolución* expresa que las partes acordaron la custodia compartida. No obstante, adujo que nunca se le consultó dicho acuerdo, por lo que no consintió a este. En consecuencia, solicitó que se declarara nula la *Resolución* emitida el 21 de julio de 2025, notificada el 23 del mismo mes y año y se celebrara una vista con las partes presentes para dilucidar dicha custodia.

En respuesta, el 14 de octubre de 2025, notificada al día siguiente, el TPI emitió una *Orden* mediante la cual declaró No Ha Lugar la *Moción Informativa Sobre Relevo de Resolución.*[15]

En desacuerdo, el 31 de octubre de 2025, la peticionaria presentó una *Moción Solicitando Reconsideración* mediante la cual reiteró los mismos argumentos esbozados en la *Moción Informativa Sobre Relevo de Resolución.*[16] En consecuencia, el 3 de noviembre de 2025, notificada al día siguiente, el TPI emitió una *Orden* mediante la cual declaró No Ha Lugar la *Moción Solicitando Reconsideración* presentada por la peticionaria.[17]

Inconforme, el 13 de noviembre de 2025, la parte peticionaria acudió ante nos mediante el recurso de epígrafe y realizó los siguientes señalamientos de error:

---

[13] SUMAC, Entrada 18 en KDI-2015-0262.
[14] SUMAC, Entrada 3 en KDI-2015-0262.
[15] SUMAC, Entrada 2 en KDI-2015-0262.
[16] SUMAC, Entrada 19 en KDI-2015-0262.
[17] SUMAC, Entrada 20 en KDI-2015-0262.

**Primer error**: Erró y abuso de su discreción el Honorable Tribunal de Primera Instancia al determinar No Ha Lugar la Solicitud de Relevo de Resolución.

**Segundo error**: Erró y abuso de su discreción el Honorable Tribunal de Primera Instancia al denegar la Solicitud de Relevo de Resolución sin la celebración de una vista.

**Tercer error**: Erró y abuso de su discreción el Honorable Tribunal de Primera Instancia al no ordenar la fijación de pensión alimenticia de acuerdo con nuestro ordenamiento jurídico, independientemente de declarar No Ha Lugar el Relevo de Resolución.

En ánimo de promover el "más justo y eficiente despacho" del asunto ante nuestra consideración, optamos por prescindir de los términos y escritos ulteriores de conformidad con la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025), 4 LPRA Ap. XXII-B, R. 7 (B) (5).

**A**

El recurso de *Certiorari* presentado ante el Tribunal de Apelaciones debe ser examinado en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil. 32 LPRA Ap. V, R. 52.1. Esta Regla limita la autoridad y el alcance de la facultad revisora de este Tribunal mediante el recurso de *Certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

El recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Id.*

[…].

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *Certiorari* que:

> Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.
>
> […]. 32 LPRA Ap. V, R. 52.2 (b).

Establecido lo anterior, precisa señalar que el recurso de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; Ponce de León v. AIG,* 205 DPR 163, 174 (2020). A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo, supra*, 435. Por otra parte, la Regla 40 del Reglamento del Tribunal de Apelaciones esgrime que el Tribunal deberá considerar los siguientes criterios para expedir un auto de *Certiorari:*

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

El Tribunal Supremo de Puerto ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto. *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994). Quiérase decir, no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

De otra parte, advertimos que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen cuya revisión se solicitó, como tampoco constituye una adjudicación en sus méritos. Meramente, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008).

Por último, en lo pertinente a este caso, precisa reseñar que cuando esta Curia se enfrenta a un auto discrecional sobre el cual no hay jurisdicción, la Regla 83 del Reglamento del Tribunal de Apelaciones,

confiere facultad tanto para desestimarlo como para denegarlo. *In re Aprob. Enmdas. Reglamento TA*, *supra,* a las págs. 109-110.

**B**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico*, *supra*; *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group v. Oriental Bank*, *supra*.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de*

*Subastas de la Administración de Servicios Generales de Puerto Rico*, *supra*; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Pueblo v. Ríos Nieves*, supra; *FCPR v. ELA et al.*, *supra*.

## III

Ante la consideración de este Tribunal revisor tenemos un recurso de *certiorari*, por lo que tenemos la obligación, como cuestión de umbral, el determinar si procede su expedición. En el presente caso, la parte peticionaria esboza que erró el TPI erró al declarar No Ha Lugar la *Solicitud de Relevo de Resolución* sin la celebración de una vista. Además, expone que el TPI incidió al no ordenar la fijación de pensión alimenticia de acuerdo con nuestro ordenamiento jurídico, independientemente de declarar No Ha Lugar la *Solicitud de Relevo de Resolución*.

Como es sabido, un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto. *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994). Puntualizamos, que el *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; Ponce de León v. AIG,* 205 DPR 163, 174 (2020). A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia, de cuyas determinaciones se presume su corrección. Además, esta Regla no opera en el vacío, tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, así como en lo dispuesto por la Regla 52.1 de Procedimiento Civil.

Tras evaluar minuciosamente el recurso presentado por la peticionaria y el expediente, conforme al derecho aplicable, no encontramos razón para distanciarnos de lo resuelto por el TPI. Esta es la *segunda* ocasión en que este Panel se enfrenta a la inconformidad de la peticionaria en cuanto a la presentación de un escrito sobre un acuerdo de custodia compartida, en el recurso KDI 20150262. En la primera ocasión, intervinimos en un recurso de *certiorari* en el alfanumérico TA2025CE00343. Mediante *Sentencia,* dictada el 26 de agosto de 2025, notificada el 28 del mismo mes y año, denegamos el auto de *certiorari* por falta de jurisdicción. En vista de ello, juzgamos que no procede la expedición del auto de *certiorari* solicitado.

Por otra parte, en lo relativo a la pensión alimentaria, el 26 de marzo de 2025, notificada el 1 de abril de 2025, el TPI emitió una *Resolución* mediante la cual acogió el informe que contiene las recomendaciones sometidas por la Examinadora de Pensiones Alimenticias. Asimismo, dispuso que se establecía como pensión alimenticia provisional que cada una de las partes pagaría todos los gastos del menor que tiene bajo su custodia. Ante ello, en la *Resolución* emitida el 21 de julio de 2025, notificada el 23 del mismo mes y año, el TPI dispuso que dicho asunto ya se había atendido mediante la *Resolución* emitida el 26 de marzo de 2025, notificada el 1 de abril de 2025. Es decir que, mediante la *Resolución* emitida el 21 de julio de 2025, se acogió y dispuso como final la pensión alimentaria provisional establecida en la *Resolución* del 26 de marzo de 2025.

Es nuestra apreciación que no se configuran ninguna de las instancias que justificaría la expedición del auto de *certiorari* al amparo de las Regla 52.1 de Procedimiento Civil, ni de la Regla 40 del Reglamento del Tribunal de Apelaciones. Asimismo, precisa reseñar que cuando esta Curia se enfrenta a un auto discrecional sobre el cual no hay jurisdicción, la Regla 83 del Reglamento del Tribunal de Apelaciones, confiere facultad tanto para desestimarlo como para denegarlo. Por todo lo antes

mencionado, no atisbamos razón para intervenir con la determinación recurrida.

**IV**

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones